**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) Case No. 1:24-cv-01266 ) |
| v. | ) ) ) |
| NORTHWESTERN UNIVERSITY and KOLBY KEATTS, | ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Mesa Underwriters Specialty Insurance Company ("MUSIC") brings this Complaint for Declaratory Judgment against Defendants Northwestern University and Kolby Keatts seeking a declaration of the parties' rights and obligations under a contract of insurance.

**NATURE OF THE ACTION**

1. This is a declaratory judgment action brought pursuant Indiana 28 U.S.C. § 2201.

2. An actual and justiciable controversy exists between MUSIC and Northwestern University ("Northwestern"). This action will resolve a dispute as to whether a policy of insurance issued by MUSIC to ASG Holdings, LLC ("ASG Holdings") obligates MUSIC to defend or indemnify Northwestern in connection with the underlying lawsuit captioned *Keatts v. ASG Holdings, LLC., et al.*, Case No. 2023L002349 (Circuit Court of Cook County, Illinois) ("Keatts Lawsuit").

**PARTIES, JURISDICTION, VENUE**

3. MUSIC is a corporation organized under the laws of New Jersey with its

principal place of business in New Jersey. MUSIC is a citizen of New Jersey.

4. Northwestern University is an Illinois private university located in Cook County, Illinois. Northwestern University is a citizen of Illinois.

5. Kolby Keatts is the plaintiff in the Keatts Lawsuit. He is a resident and citizen of Illinois.

6. In the Keatts Lawsuit, Kolby Keatts seeks damages for bodily injury and economic damages. He explicitly requests damages in excess of $75,000. The amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

7. Jurisdiction exists under 28 U.S.C. § 1332. Plaintiff MUSIC is a citizen of New Jersey, and the Defendants are Illinois citizens. Therefore, complete diversity exists between Plaintiff and Defendants. The amount in controversy exceeds the jurisdictional minimum.

8. Venue is appropriate in this District under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this judicial district and the Court has personal jurisdiction over the Defendants.

9. Kolby Keatts is named solely to the extent he is considered a necessary party to this declaratory judgment action and has been joined solely to be bound by the judgment rendered in this case. No specific relief is sought against him. In the event that Kolby Keatts stipulates and agrees to be bound by the resolution of this case, MUSIC will seek to voluntarily dismiss him.

## UNDERLYING LAWSUIT

10. On March 8, 2023, Kolby Keatts initiated a lawsuit against ASG Holdings, Pastime Tournaments, and Northwestern University by filing a complaint captioned *Keatts*

*v. ASG Holding, LLC., et al.*, Case No. 2023L002349 (Circuit Court of Cook County, Illinois) ("Keatts Lawsuit"). A copy of the complaint is attached as **Exhibit 1**.

11.     ASG Holdings and Pastime Tournaments are alleged to have actually or constructively organized, operated, managed, controlled, directed, licensed, scheduled, and/or otherwise offered a baseball tournament called the Great Lakes T.O.C.

12.     Kolby Keatts alleges that, on June 26, 2021, he was at the Great Lakes, T.O.C. baseball tournament, located at Northwestern University's Ryan Field, in Evanston, Illinois.

13.     Kolby Keatts alleges that he suffered injury while participating in the Great Lakes T.O.C baseball tournament when he was allegedly hit by a pitch in the face.

14.     Kolby Keatts seeks damages for the injuries he allegedly received when he was participating in the Great Lakes T.O.C baseball tournament.

## THE MUSIC POLICY

15.     MUSIC issued commercial general liability insurance coverage under policy number MP0016003007379 with effective dates of April 1, 2021, to April 1, 2022 to ASG Holdings, LLC dba Pastime Tournaments, Baseball Youth as the named insured (the "Policy"). The Policy contains limits of liability of $1,000,000 each occurrence and $2,000,000 general aggregate, subject to a $1,000 per claim deductible for bodily injury liability. A copy of the Policy is attached as **Exhibit 2** at MUSIC00011.

16.     The Policy contains the following Athletic or Sports Participants exclusion:

> **Exclusion – Athletic or Sports Participants**
>
> ***With respect to any operations shown in the Schedule, this insurance does not apply to "bodily injury" to any person while practicing for or participating in any sports or athletic contest or exhibition that you sponsor.***

3

Ex. 2 at MUSIC00057.

17. The term "you" used in the Policy refers to the Named Insured ASG. Ex. 2 at MUSIC00037.

18. The Policy also contains the following Participants exclusion:

**This insurance does not apply to: Participants Exclusion**

*A. "Bodily injury", "personal and advertising injury" or "medical payments" to "any person" while preparing, qualifying, auditioning, practicing, participating, working or volunteering in or for any contest, demonstration, event, exhibition, race, show or any related or associated activities; and,*

*B. "Property damage" to the personal property of "any person" while preparing, qualifying, auditioning, practicing, participating, working or volunteering in or for any contest, demonstration, event, exhibition, race, show, or any related or associated activities.*

*As used in this exclusion, "any person" includes but is not limited to participants, "employees", "volunteer workers", "temporary workers" or any other person employed by, contracted by or doing volunteer work for the Named Insured, including but not limited to medical personnel, mechanics, stewards, timing officials, judges, referees, umpires, announcers, corner men, musicians, singers, stage hands, animal handlers or other officials.*

Ex. 2 at MUSIC00015.

19. The Policy further contains an endorsement entitled "Additional; Insured – Owners, Lessees or Contractors – Scheduled Person or Organization," which contains the following language:

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s): | Location(s) Of Covered Operations |
|---|---|
| Blanket where required by written contract or agreement | |

4

> Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

> **A. Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:**
>
> **1. Your acts or omissions; or**
>
> **2. The acts or omissions of those acting on your behalf;**
>
> **in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.**

Ex. 2 at MUSIC00053.

## **COVERAGE DISPUTE**

20. ASG advised MUSIC of the Keatts Lawsuit and requested defense and indemnity under the Policy.

21. MUSIC denied that any coverage was owed in relation to the Keatts Lawsuit given the above-quoted exclusions, and MUSIC requested that ASG withdraw its claim for coverage. ASG agreed and withdrew its claim.

22. But Northwestern asserts it is owed coverage as an additional insured under the Policy.

23. MUSIC sent a denial letter to Northwestern and asked it to withdraw its claim as well. Northwestern has refused to withdraw its claim, thereby making coverage litigation necessary.

## **COUNT I- DECLARATORY JUDGMENT (NO COVERAGE)**

24. Northwestern does not qualify as an additional insured under the Policy because ASG was not performing any operations for Northwestern.

25. The Policy also does not provide coverage for the claims that are the basis of the Keatts Lawsuit because the injuries and/or damages sought are barred from coverage by the Athletic or Sports Participants exclusion and/or the Participants exclusion.

26. Because Northwestern does not qualify as an additional insured and/or one or more exclusions bars coverage, MUSIC is entitled to a declaration that it has no duty to defend or indemnify Northwestern University under the Policy in relation to the Keatts Lawsuit.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Mesa Underwriters Specialty Insurance Company requests:

A. That this Court find and declare that MUSIC has no duty to defend or indemnify Northwestern University in relation to the Keatts Lawsuit;

B. That MUSIC be awarded its costs of suit; and

C. That this Court grant other and further relief as it deems proper under the evidence and circumstances.

Dated: February 14, 2024         Respectfully submitted:

                                 MESA UNDERWRITERS SPECIALTY
                                 INSURANCE COMPANY

                                  /s/     *Dennis M. Dolan*
                                       Dennis M. Dolan, One of Its Attorneys

Dennis M. Dolan, ARDC #6229150
LITCHFIELD CAVO LLP
303 West Madison, Suite 300
Chicago, IL 60606
(312) 781-6641 Direct
Email: Dolan@LitchfieldCavo.com